UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID JESSE BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE UNIVERSITY, DAVID SPROTT (in his official and individual capacities), CHERYL OLIVER (in her official and individual capacities), LAURA THOMLE (in her official and individual capacities), ASHLEY FAGERLIE (in her official and individual capacities), EVAN HURI (in his official and individual capacities), CAITLIN MACKAY (in her official and individual capacities), JOHN DOE STUDENT I, JOHN DOE STUDENT II, JOHN DOE STUDENT III, JOHN DOE STUDENT IV, JOHN DOE STUDENT V, ROGER SANDBERG, CHRISTIAN WUTHRICH (in his official and individual capacities), LISA MCINTYRE (in her official and individual capacities), WAYNE POPESKI (in his official and individual capacities), SEAN FALCON, JOSH HART, WASHINGTON STATE UNIVERSITY APPEALS COMMITTEE (IT IS CURRENTLY UNKNOWN WHO THESE PERSONS ARE - in their official and individual capacities), EDWIN HAMADA (in his official and individual capacities), ANITA CORY (in her official and individual capacities), MELYNDA HUSKEY (in | NO. CV-11-0079-EFS<br><br>**ORDER DENYING AS MOOT PLAINTIFF'S MOTION TO VACATE ORDERS and REQUIRING NOTICE** |

ORDER ~ 1

her official and individual capacities), MONTE GRIFFIN (in his official and individual capacities), JOSEPH JACKSON (in his official and individual capacities), DANIELLE HESS (in her official and individual capacities), HOWARD GRIMES (in his official and individual capacities), RALPH JENKS (in his official and individual capacities), and BILL GARDNER (in his official and individual capacities),

                      Defendants.

    Before the Court is Plaintiff David Jesse Brown's Motion to Vacate Orders, ECF No. 14, which asks the Court to vacate its March 30, 2011 Order Granting and Denying with Leave to Renew in Part Plaintiff's Construed Motion to Appoint Counsel and to Extend Time for Service, ECF No. 10.[1] Vacating the prior Order is unnecessary; the Court understands that Plaintiff desires to proceed pro se and does not wish to have counsel appointed. The lawsuit will proceed accordingly.

    Because Plaintiff is proceeding *in forma pauperis*, ECF No. 3, the Court has an obligation to screen Plaintiff's complaint[2] before ordering service of it. 28 U.S.C. § 1915A(a).[3] Yet, following the filing of his

---

[1] Plaintiff noted the motion for hearing with oral argument. The Court determines oral argument is unwarranted. LR 7.1(h)(3)(b)(iv).

[2] The complaint to be screened is Plaintiff's April 14, 2011 amended complaint ("Complaint"), ECF No. 12.

[3] Although §§ 1915 and 1915A reference "prisoners," they are not limited to prisoner suits. *United States v. Floyd*, 105 F.3d 274, 276

ORDER ~ 2

motion to vacate on April 19, 2011, Plaintiff filed a Motion to Stay Proceedings, ECF No. 15. The Court is uncertain whether Plaintiff desires to stay the proceeding before or after the Complaint is screened (and, if appropriate, served). The Court is concerned that staying the screening process may result in untimely service. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156-57 (6th Cir. 1991). However, this is Plaintiff's lawsuit, and so the Court grants Plaintiff leave until June 15, 2011, to inform the Court as to how he wishes to proceed.

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Vacate Orders, **ECF No. 14**, is **DENIED AS MOOT**.

2. No later than **June 15, 2011**, Plaintiff shall file a notice advising whether he wishes the Court to rule on the Motion to Stay Proceedings, ECF No. 15, before or after the Court screens the April 14, 2011 Complaint, ECF No. 12. If Plaintiff does not file the requested notice by June 15, 2011, the Court will proceed to screen the Complaint.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Plaintiff.

**DATED** this   18th   day of May 2011.

                              s/Edward F. Shea
                              EDWARD F. SHEA
                        United States District Judge

Q:\Civil\2011\0079.vacate.status.wpd

---

(6th Cir. 1997), *superseded on other grounds by Callihan v. Schenider*, 178 F.3d 800 (6th Cir. 1997). Therefore, a court must review a complaint filed by any person proceeding in forma pauperis. *Id.*

ORDER ~ 3