1

2

3

4                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF WASHINGTON
5

6    DAVID JESSE BROWN,
                                      NO. CV-11-079-EFS
7              Plaintiff,

8         v.                          **ORDER GRANTING AND DENYING
                                      IN PART PLAINTIFF'S
9    WASHINGTON STATE UNIVERSITY, DAVID    MOTIONS RECEIVED BY FAX ON
     SPROTT, CHERYL OLIVER, LAURA      AUGUST 1, 2011 and
10   THOMLE, ASHLEY FAGERLIE, EVAN      IMPOSING FILING LIMITATION**
     HURI, CAITLIN MACKAY, JOHN OR JANE
11   DOE STUDENT I, JOHN OR JANE DOE
     STUDENT II, JOHN OR JANE DOE
12   STUDENT III, JOHN OR JANE DOE
     STUDENT IV, JOHN OR JANE DOE
13   STUDENT V, ROGER SANDBERG,
     CHRISTIAN WUTHRICH, LISA MCINTYRE,
14   WAYNE POPESKI, SEAN FALCON, JOSH
     HART, EDWIN HAMADA, ANITA CORY,
15   MELYNDA HUSKEY, DANIELLE HESS,
     HOWARD GRIMES, JOHN OR JANE DOE
16   VII, RALPH JENKS, LINDA NELSON,
     MONTE GRIFFIN, LORI WIEST, MIKE
17   DODD, JOHN OR JANE DOE STUDENT VI,
     SUNG K. AHN, BERNARD WONG-ON-WING,
18   SUSAN HE, KEN BUTTERFIELD, BABU
     JOHN MARIADOSS, HARRY TURTLE, YANY
19   GREGOIRE, ROBERT GREENBERG, K.D.
     JOSHI, and CHARLES MUNSON, in
20   their official and individual
     capacities,
21
               Defendants.
22

23
          On August 1, 2011, the Court received by fax a document sent by
24
     Plaintiff David Jesse Brown that includes several different motions: 1)
25
     Motion to File by Facsimile Due to "Extraordinary Circumstance," 2)
26
     Motion for Extension of Time to File and Serve Summons and Complaint, 3)

ORDER ~ 1

Motion for Extension of Time to File Notice of Appeal, 4) Motion for Extension of Time to File Motion for Certification of Order for Permission to Appeal, 5) Motion for Certification of Order for Permission to Appeal, 6) Motion for Stay Pending Resolution of Appeals, and 7) Motion for Leave to Amend Complaint. The Court has reviewed the document. For the reasons given below, the Court accepts the fax as a filing, grants Mr. Brown an extension of time to submit the summonses and USM-285 forms, denies all other requested relief at this time, and imposes a filing limitation on Mr. Brown until September 6, 2011.

The faxed document contains several different motions and totals twenty-four pages. Because the document contains several motions, the Court finds it complies with Local Rule 7.1(f)'s ten-page limit for non-dispositive motions. However, Mr. Brown failed to comply with Local Rule 7.1(h)'s notice-of-hearing requirement. Yet, given the claimed urgency of the Court's need to review this document and Mr. Brown's pro se status, the Court will consider the motions. Further, under the circumstances, the Court accepts Mr. Brown's faxed document as a filing.[1] *See* Fed. R. Civ. P. 5(d) (allowing court to accept a faxed filing in its discretion). Mr. Brown advises that he faxed the document because he did not have time to mail the original to the Court by August 1, 2011, which is thirty days after the Court's July 1, 2011 Order, ECF No. 24: an order that Mr. Brown seeks to appeal interlocutory. Fed. R. App. P.

---

[1] Mr. Brown mailed the original to the Court. The Court received it on August 3, 2011. When filing the document, the Clerk's Office may utilize the mailed original. However, it is to be considered filed on August 1, 2011: the date the fax was received.

ORDER ~ 2

4(a)(1) (requiring a notice of appeal to be filed thirty days after the district court's order).  Mr. Brown is warned that **this is the only time the Court will file a faxed document.**  Mr. Brown must be adequately organized and prepared to ensure that he can timely send an original to the Court, either by mail or in person.  With this caution, Mr. Brown's Motion to File by Facsimile is granted.

Mr. Brown also asks the Court to extend the time to file and serve the summonses and complaint.  It appears that Mr. Brown is unclear as to what his responsibilities are relating to service of the complaint.  Because Mr. Brown applied for, ECF No. 2, and was granted, ECF No. 3, *in forma pauperis* status, the Court ordered the U.S. Marshals to serve the three remaining un-appeared Defendants: Roger Sandburg, Sean Falcon, and Josh Hart.  ECF Nos. 24 & 30.  Then on August 3, 2011, counsel Jarold Cartwright appeared on behalf of Mr. Falcon and Mr. Hart.  ECF No. 33.  Accordingly, Mr. Brown's service-related responsibility is limited to completing the previously-provided summons and USM-285 form for only Mr. Sandburg and to then submit, by mail or in person, these completed documents to the Court.  As the plaintiff, Mr. Brown has the responsibility to provide an address for Mr. Sandburg.  The Court will grant Mr. Brown an additional thirty days (no later than September 6, 2011) to provide the completed summons and USM-285 form for Mr. Sandburg to the Court.  Mr. Brown's failure to submit these completed documents will result in dismissal of Mr. Sandburg.  Accordingly, Mr. Brown's motion to extend the time to submit the summons and USM-285 form is granted.  His motion to extend the time to serve the complaint is denied as moot.

ORDER ~ 3

Mr. Brown also seeks an extension of time to file a notice of appeal of the Court's July 1, 2011 Order, ECF No. 24. As the Court has explained on two prior occasions, ECF Nos. 30 & 32, its July 1, 2011 Order is not a final decision. Mr. Brown is correct that a non-final order may possibly be appealed interlocutory. An interlocutory appeal is limited to orders that "involve[] a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Neither requirement is satisfied here. Accordingly, the Court denies Mr. Brown's motions for 1) an extension of time to file a) a notice of appeal and b) a motion to certify an interlocutory appeal, and 2) certification of an interlocutory appeal. Likewise, the Court denies Mr. Brown's motion to stay this lawsuit pending appeal. Neither a final nor interlocutory appeal is appropriate under the circumstances. The Court recognizes, however, that Mr. Brown's Motion to Stay Proceedings, ECF No. 15, which asks the Court to stay this federal lawsuit until a related state-court lawsuit is resolved, remains pending and will be heard on October 14, 2011.

Mr. Brown also seeks leave to amend his complaint. Given the number of amended complaints filed thus far by Mr. Brown, the Court finds it best to have Mr. Brown re-file a motion for leave to amend after Mr. Sandburg has been served and appeared so that Defendants may respond to Mr. Brown's motion. Accordingly, Mr. Brown's motion for leave to amend his complaint is denied at this time: he may renew his request after Mr. Sandburg has appeared.

ORDER ~ 4

Lastly, because of Mr. Brown's continued filings, the Court finds it necessary to impose a filing stay: Mr. Brown **may not file any further documents with this Court until September 6, 2011, absent extraordinary circumstances.**

In conclusion, for the reasons given above, **IT IS HEREBY ORDERED:**

1. Mr. Brown's Motion, **ECF No. __,** 1) to File by Facsimile is **GRANTED** (the Clerk's Office is to file the document as received on August 1, 2011), 2) for Extension of Time to File and Serve Summons and Complaint is **GRANTED** (Mr. Brown must submit, by mail or in person, the completed summons and USM-285 form for Mr. Sandburg by **September 6, 2011**) **and DENIED** (complaint), 3) for Extension of Time to File Notice of Appeal is **DENIED,** 4) for Extension of Time to File Motion for Certification of Order for Permission to Appeal is **DENIED,** 5) for Certification of Order for Permission to Appeal is **DENIED,** 6) for Stay Pending Resolution of Appeals is **DENIED,** and 7) for Leave to Amend Complaint is **DENIED** with leave to renew after Mr. Sandburg has been served and appeared.

2. Until **September 6, 2011**, Mr. Brown is restricted from filing any further documents absent extraordinary circumstances. This filing restriction does not extend to submitting the required summons and USM-285 form for Mr. Sandberg.

**IT IS SO ORDERED.** The District Court Executive is to enter this Order and provide a copy to Plaintiff, counsel, and the U.S. Marshal.

**DATED** this ___3rd___ day of August 2011.


                          s/ Edward F. Shea
                          EDWARD F. SHEA
                    United States District Judge

Q:\Civil\2011\0079.fax.exten.frm

ORDER ~ 5