UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID JESSE BROWN,<br><br>    Plaintiff,<br><br>    v.<br><br>WASHINGTON STATE UNIVERSITY, DAVID SPROTT, CHERYL OLIVER, LAURA THOMLE, ASHLEY FAGERLIE, EVAN HURI, CAITLIN MACKAY, JOHN OR JANE DOE STUDENT I, JOHN OR JANE DOE STUDENT II, JOHN OR JANE DOE STUDENT III, JOHN OR JANE DOE STUDENT IV, JOHN OR JANE DOE STUDENT V, ROGER SANDBERG, CHRISTIAN WUTHRICH, LISA MCINTYRE, WAYNE POPESKI, SEAN FALCON, JOSH HART, EDWIN HAMADA, ANITA CORY, MELYNDA HUSKEY, DANIELLE HESS, HOWARD GRIMES, JOHN OR JANE DOE VII, RALPH JENKS, LINDA NELSON, MONTE GRIFFIN, LORI WIEST, MIKE DODD, JOHN OR JANE DOE STUDENT VI, SUNG K. AHN, BERNARD WONG-ON-WING, SUSAN HE, KEN BUTTERFIELD, BABU JOHN MARIADOSS, HARRY TURTLE, YANY GREGOIRE, ROBERT GREENBERG, K.D. JOSHI, and CHARLES MUNSON, in their official and individual capacities,<br><br>    Defendants. | NO. CV-11-0079-EFS<br><br>**ORDER ENTERING RULINGS FROM OCTOBER 13, 2011 HEARING** |

    A hearing was held in the above-captioned matter on October 13, 2011. As required by the Court's September 20, 2011 Order, ECF No. 44,

ORDER ~ 1

Jarold Cartwright appeared on behalf of Defendants.  Plaintiff David Jesse Brown did not appear in person, but participated telephonically. Before the Court were two motions: Plaintiff's Motion to Stay Proceedings, ECF No. 15, and Defendants' Motion for Protective Order re: Ex Parte Contact and Sanctions, ECF No. 39.  At the hearing, Mr. Brown also made an oral motion to continue the hearing.  This Order memorializes and supplements the Court's oral rulings.

**I.   Mr. Brown's Oral Motion to Continue**

During the hearing, Mr. Brown orally moved the Court to continue the hearing on Defendants' motion so that he could have time to properly file documents that he submitted to the Court and Mr. Cartwright via facsimile on October 12, 2011.  Though the Court has repeatedly refused Mr. Brown's requests for exemption from Local Rule 5.1(c), which states that courts in the Eastern District of Washington will not accept documents submitted by facsimile, the Court read and considered these documents at the hearing.  Accordingly, as the Court reviewed the documents that Mr. Brown requested, Mr. Brown's oral motion to continue is denied.

**II.  Mr. Brown's Motion to Stay Proceedings**

On May 5, 2011, Mr. Brown moved to stay proceedings in this lawsuit, ECF No. 15, asking the Court to stay this matter pending resolution of his proceedings in the Washington state courts.  For the reasons articulated on the record, and because the Court holds Mr. Brown to the same standards of diligence and compliance with Court Orders as any party that asserts a cause of action, this motion is denied.

//

/

ORDER ~ 2

**III. Defendants' Motion for Protective Order and Sanctions**

On September 19, 2011, Defendants filed a motion for a protective order and for sanctions against Mr. Brown. ECF No. 39. Defendants request an order prohibiting Mr. Brown from directly contacting represented parties, and ask the Court to impose monetary sanctions against Mr. Brown for his non-compliance with the Court's Orders.

As stated during the hearing, the Court finds good cause to prohibit Mr. Brown from directly contacting represented parties. The very same considerations behind Washington Rule of Professional Conduct 4.2's prohibition on attorneys directly contacting represented parties are implicated when a pro se plaintiff contacts represented parties directly. *See, e.g.*, *Bisciglia v. Lee*, 370 F. Supp. 2d 874, 879 (D. Minn. 2005) (prohibiting pro se plaintiff from directly contacting represented parties in accord with Minnesota Rule of Professional Conduct 4.2); *Gaines-Hanna v. Farmington Pub. Sch. Dist.*, No. 04-CV-74910-DT, 2006 WL 891434, at *1 (E.D. Mich. March 31, 2006) ("Although plaintiff, as a non-attorney, is not technically bound by the Rules of Professional Conduct, in her capacity as a *pro se* plaintiff she is nevertheless required to refrain from directly contacting the named defendants in accordance with Rule 4.2."). Accordingly, the Court grants Defendants' motion for a protective order. **Mr. Brown is prohibited from directly contacting any of the Defendants in this lawsuit regarding matters relating to the lawsuit; any contact that Mr. Brown has with the Defendants in this lawsuit, including for purposes of service and discovery, must be through Defendants' attorney, Mr. Cartwright**.

/

## IV. Monetary Sanctions

Defendants' motion for protective order also includes a request that the Court impose monetary sanctions against Mr. Brown. Though the Court declines to impose sanctions against Mr. Brown at this time, **Mr. Brown is strongly cautioned that any violation of the Court's Order prohibiting him from directly contacting any of the Defendants in this lawsuit, or any other Order of the Court, will result in the imposition of monetary sanctions against him. Furthermore, Mr. Brown shall personally attend at all further proceedings in this matter unless 1) he has properly filed a request with the Court to appear telephonically at least one week in advance, AND 2) the Court has granted that request.**

For the foregoing reasons, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion to Stay Proceedings, **ECF No. 15**, is **DENIED**.
2. Plaintiff's Oral Motion to Continue Hearing is **DENIED.**
3. Defendants' Motion for Protective Order re: Ex Parte Contact and Sanctions, **ECF No. 39**, is **GRANTED in part** (protective order) and **DENIED in part** (sanctions).
4. **Plaintiff Mr. Brown shall not directly contact any of the Defendants named in this lawsuit regarding this lawsuit. Violation of this Order shall result in the imposition of monetary sanctions.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide copies to Plaintiff and counsel.

**DATED** this ___14th___ day of October 2011.

                                        s/Edward F. Shea
                                           EDWARD F. SHEA
                                  United States District Judge

Q:\Civil\2011\0079.enter.rulings.lc2.wpd

ORDER ~ 4