UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID JESSE BROWN,<br><br>                    Plaintiff,<br><br>          v.<br><br>WASHINGTON STATE UNIVERSITY, et al.,<br><br>                    Defendants. | No.  CV-11-0079-EFS<br><br>**ORDER GRANTING SUMMARY JUDGMENT AND CLOSING FILE** |

Before the Court, without oral argument, is Defendants Washington State University, David Sprott, Cheryl Oliver, Laura Thomie, Christian Wuthrich, Lisa McIntyre, Wayne Popeski, Edwin Hamada, Anita Cory, Melinda Huskey, Danielle Hess, Howard Grimes, Ralph Jenks, Monte Griffen, Linda Nelson, Lori Wiest, Sung K. Ahn, Bernard Wong on Wing, Susan He, Kenneth Butterfield, Babu John Mariadoss, Harry Turtle, Yany Gregoire, Robert Greenberg, K.D. Joshi, Charles Munson, Mike Dodd, Ashley Fagerlie, Caitlin MacKay, Evan Huri, Sean Falcon, and Josh Hart's (collectively, the "WSU Defendants") Motion for Summary Judgment, ECF No. 58.  Plaintiff David Jesse Brown has not filed any opposition to the motion.  Having reviewed the pleadings, the record in this matter, and applicable authority, the Court is fully informed.  For the reasons set forth below, the Court grants the WSU Defendants' motion.

ORDER GRANTING SUMMARY JUDGMENT AND CLOSING FILE - 1

**A.    Background[1]**

In 2010, Plaintiff was suspended from the Masters in Business Administration degree program at Washington State University (WSU), and he was excluded from campus for violation of the Student Conduct Code. WSU later terminated Plaintiff's enrollment for failure to meet minimum academic standards.

Plaintiff appealed these decisions to the University, Whitman County Superior Court, and the Washington Court of Appeals. WSU's decisions to suspend Plaintiff, exclude him from campus, and terminate his enrollment, were affirmed at all levels of review. Plaintiff has since brought the instant action *pro se*, alleging a variety of federal causes of action. Plaintiff's principal contention is that WSU's actions resulted from a conspiracy of students, faculty, administrators, and others to discriminate against him and deprive him of his civil rights because he is Jewish.

The Court's Amended Scheduling Order, issued April 11, 2012, ECF No. 56, set forth a number of mandatory deadlines and discovery-related obligations. In particular, the parties were directed to exchange Federal Rule of Civil Procedure 26(a)(1) material by June 1, 2012, *id.* at 1; additionally, the parties were directed to identify expert witnesses and provide Rule 26(a)(1) reports by September 25,

---

[1] When considering these motions and drafting this background section, the Court viewed all evidence and drew all justifiable inferences therefrom in Plaintiff's favor and did not weigh the evidence, assess credibility, or accept assertions made by Defendants that were contradicted by the record. *See Scott v. Harris*, 550 U.S. 372, 380 (2007); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

ORDER GRANTING SUMMARY JUDGMENT AND CLOSING FILE - 2

2012 (for Plaintiff) or October 25, 2012 (for Defendants), *id.* at 2. The Court instructed the parties to complete all discovery by January 2, 2013, and to each file a notice of to-be-adjudicated claims and affirmative defenses by January 9, 2013. *Id.* at 3-4.

The WSU Defendants filed their notice, as directed, on January 9, 2013. ECF No. 57. In that notice, the WSU Defendants represent that Plaintiff "provided no Rule 26(a) disclosures, disclosed no expert witnesses, initiated no discovery, and has undertaken no action to pursue or prosecute his claims." *Id.* at 1. Plaintiff did not file his notice as directed.

On January 15, 2013, the WSU Defendants moved for summary judgment. ECF No. 58. In their accompanying memorandum, the WSU Defendants identify a number of bases upon which the Court could grant summary judgment, including the following: a) the suit is an impermissible collateral attack on a state-court judgment, b) the suit is barred under the *Rooker-Feldman* doctrine, c) a number of the individual WSU Defendants are not state actors, d) the WSU Defendants sued in their official capacities are not persons under 42 U.S.C. § 1983, and e) claims against certain WSU Defendants sued in their official capacities are barred by the 11th Amendment. ECF No. 59, at 14-16. However, the principal argument advanced by the WSU Defendants is that Plaintiff has failed to engage in discovery and has essentially abandoned his lawsuit – and in so doing, Plaintiff has failed to produce a shred of evidence to support any of his claims. *Id.* at 8-13. Plaintiff did not file any memorandum opposing the WSU Defendants' motion.

ORDER GRANTING SUMMARY JUDGMENT AND CLOSING FILE - 3

**B.   Legal Standard**

Summary judgment is appropriate if the record establishes "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party is entitled to summary judgment when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine material issue of fact and that the moving party is entitled to judgment as a matter of law. *Id.* 56(c). A "mere scintilla of evidence" in support of the non-moving party's position is not sufficient to withstand summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The non-moving party may not rest on mere allegations or denials of his pleadings, and must go beyond the pleadings to designate specific facts showing that there are genuine factual issues that "can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Id.* at 250. The party opposing summary judgment must point to specific facts establishing a genuine material issue of fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–587 (1986).

Facts relied on in opposition to summary judgment must be supported by the record and the court should "not give credence to empty rhetoric . . . but credit[s] only those assertions that are supported by materials of evidentiary quality." *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 2 (1st Cir. 1999). The Court is not required to draw any unreasonable inference or accept conclusory

allegations as "conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment." *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 345 (9th Cir. 1995).

One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses. Therefore, when the non-moving party bears the burden of proof at trial, summary judgment should be granted if, after adequate time for discovery, the non-moving party fails to make an evidentiary showing sufficient to establish the existence of an element essential to the case. *Nebraska v. Wyoming*, 507 U.S. 584, 590 (1993); *Celotex*, 477 U.S. at 322-323. "In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex, 477 U.S. at* 323-324.

**C.   Discussion**

In ruling on the instant motion, the Court need look no further than Plaintiff's failure to file a memorandum opposing the motion. Local Rule 7.1 sets forth the parties' obligations to file memoranda, and the consequences of failing to do so:

> A failure to timely file a memorandum of points and authorities in support of or in opposition to any motion may be considered by the Court as consent on the part of the party failing to file such memorandum to the entry of an Order adverse to the party in default.

LR 7.1(e).

Although the silence-equals-consent rule set forth in Local Rule 7.1(e) is permissive, not mandatory, the Court is persuaded that the

ORDER GRANTING SUMMARY JUDGMENT AND CLOSING FILE - 5

rule should apply here.  The WSU Defendants' uncontested assertions about Plaintiff's failure to engage in any discovery, see ECF No. 57, as well as Plaintiff's failure to file a notice of to-be-adjudicated claims, provides ample evidence that Plaintiff no longer wishes to pursue this case.  Accordingly, the Court treats Plaintiff's failure to file a memorandum opposing the instant summary-judgment motion as "consent . . . to the entry of an Order adverse" to Plaintiff.  LR 7.1(e).  On this basis alone, the WSU Defendants' motion is granted.

Alternatively, the Court also finds a sufficient basis to grant the WSU Defendants' summary-judgment motion on substantive grounds. Case law is clear:  at summary judgment, Plaintiff may not rely on his pleadings; he must produce substantial evidence to support his claims. *Nebraska*, 507 U.S. at 590; *Celotex*, 477 U.S. at 322-323.  Other than an actual trial, summary judgment is the penultimate "show 'em or fold 'em" moment in civil litigation.  Plaintiff has opted for the latter; he has not offered any evidence in opposition to the instant motion. He has failed to meet his burden of demonstrating that a genuine issue of material fact warrants further proceedings in this case.  Fed. R. Civ. P. 56(a).  Accordingly, the WSU Defendants are entitled to summary judgment on this basis as well.

Other than the WSU Defendants, the only remaining Defendant identified by Plaintiff is Defendant Roger Sandberg.  On August 3, 2011, the Court directed Plaintiff to provide an address, a summons, and a USM-285 form to enable the U.S. Marshals to serve Mr. Sandberg. ECF No. 35, at 3.  The Court cautioned Plaintiff that he was required to submit the additional material by no later than September 6, 2011,

and that a "failure to submit these completed documents will result in dismissal of Mr. [Sandberg]." *Id.* As the Court noted in its September 7, 2011 Order, Plaintiff failed to submit these documents. ECF No. 37. Moreover, Plaintiff has now benefitted from an additional eighteen months in which to correct the oversight. He has not done so. The Court therefore dismisses Plaintiff's claims against Defendant Sandberg for failure to prosecute.

**D.   Conclusion**

Accordingly, **IT IS HEREBY ORDERED**:

1. The WSU Defendants' Motion for Summary Judgment, **ECF No. 58**, is **GRANTED**. Plaintiff's claims against the WSU Defendants are **DISMISSED**.
2. Plaintiff's claims against Defendant Roger Sandberg are **DISMISSED** for lack of prosecution.
3. The Clerk's Office is directed to **ENTER JUDGMENT** in favor of the WSU Defendants and Defendant Roger Sandberg.
4. All pending deadlines and hearings are **STRICKEN**.
5. As no further Defendants have been identified or served in this action, and as all claims against all identified and served Defendants have now been dismissed, the Clerk's Office is directed to **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this  11th  day of March 2013.

                              s/ Edward F. Shea
                              EDWARD F. SHEA
                    Senior United States District Judge

Q:\EFS\Civil\2011\79.sj.grant.close.lc2.docx

ORDER GRANTING SUMMARY JUDGMENT AND CLOSING FILE - 7